883 F.Supp. 428 (1995)
Cindy L. HOTCAVEG and Ken Potrue, Plaintiff,
v.
Roger KENNEDY, Director, National Park Service, Bruce Babbitt, Secretary of the Interior, Defendant.
No. 1:94 CV 160 SNL.
United States District Court, E.D. Missouri, Southeastern Division.
March 6, 1995.
*429 Robert T. Haar, Kohn and Shands, St. Louis, MO, for plaintiff.
Edwin B. Brzezinski, Sr., Asst. U.S. Atty., St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on cross motions for summary judgment. The case involves the National Park Service (NPS) policy and procedure for awarding concessions in national parks; specifically, the interpretation of regulations which control the renewal of existing concessions.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
On May 17, 1979, the Plaintiffs were awarded a concession contract to provide lodging and meal service at the Big Springs Lodge near Van Buren, Missouri. That contract was renewed in two successive contracts of four years each. The most recent contract expired on December 31, 1994.
In anticipation of the contract's expiration, the NPS began the renewal process by advertising a concession opportunity at Big Springs Lodge. The Service issued a prospectus which set forth the minimum requirements. This prospectus required an upgrade of the facility and a lengthened operating season. The total upgrades will cost at least seven thousand five hundred dollars ($7,500).
The Plaintiffs submitted a bid for the contract that did not make allowances to meet the minimum requirements set forth in the new prospectus. Therefore, their bid was determined to be unresponsive to the prospectus and they lost their right of preference to match the best offer.
Another bid was received by the NPS which was submitted by Tom B. Bedell. In addition to meeting the basic requirements of the prospectus, Mr. Bedell agreed to make all of the required upgrades within the first year of his contract. This fact allowed his bid to be considered a superior offer. The Secretary accepted the bid.
The Plaintiffs were contacted and told that they had not been renewed. On October 21, *430 1994, Arthur Sullivan, Superintendent of the Ozark National Scenic Riverways, wrote to the Plaintiffs and offered to help in the close out of their operations.
As outlined below, the action taken by the Service is in accordance with Congressional intent.
Under the authorization for the creation of the National Park Service, the Secretary of the Interior was given power to: "[M]ake and publish such rules and regulations as he may deem necessary or proper for the use and management of the parks, monuments, and reservations under the jurisdiction of the National Park Service ..." 16 U.S.C. § 3 (1992).
The Congressional mandate goes on to say that: "[T]he Secretary of the Interior shall take such action as may be appropriate to encourage and enable private persons and corporations (hereinafter referred to as `concessioners') to provide and operate facilities and services which he deems desirable for the accommodation of visitors in areas administered by the National Park Service." 16 U.S.C. § 20a (1992).
Pursuant to that directive, the Secretary promulgated regulations that he deemed necessary for the proper use of the parks. The specific regulation involved in this case states:
The concessioner with a right of preference shall be required to submit a responsive offer (a timely offer which the Director determines meets the terms and conditions of the prospectus) pursuant to the prospectus. If the concessioner fails to do so, the right of preference shall be considered to have been waived and the contract shall be awarded to the party submitting the best responsive offer.
36 C.F.R. § 51.5(c).
The District Court's review of the agency's action comes under the Administrative Procedure Act 5 U.S.C. § 706(2)(A). In conjunction with that, the Court's scope of review falls under the narrow "arbitrary and capricious" standard. This standard requires the court to defer to "any reasonable interpretation given to the statute by the agency charged with its administration." Wilkins v. Secretary of the Interior, 995 F.2d 850, 853 (8th Cir.1993); see also, Chevron U.S.A. Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694. Only last month, the Supreme Court reiterated the doctrine of Chevron deference and strengthened the power of the agencies. "If the administrator's reading fills a gap or defines a term in a way that is reasonable in light of the legislature's revealed design, we give the administrator's judgment `controlling weight'" Nationsbank of North Carolina v. Variable Annuity Life Insurance Co., et al., ___ U.S. ___, ___- ___, 115 S.Ct. 810, 813-814, 130 L.Ed.2d 740 (1995).
The Plaintiff argues that 51.5 is in direct contradiction with 16 U.S.C. § 20d and therefore a direct violation of the statute, or certainly in violation of the arbitrary and capricious standard. The emphasis of 20d is that continuity of concessioners "shall be encouraged". The Court does not find that 51.5 threatens continuity. In fact, concessioners maintain their preference if they submit a bid which meets the minimum requirements. Although continuity is a goal, it cannot be sought recklessly.
The Court finds that under the standard of review, this challenge to the agency's action fails. Requiring concessioners to meet minimum standards to improve the quality of facilities in national parks is a reasonable interpretation of the role of the National Park Service. The Secretary is carrying out his duty as mandated by statute.
Accordingly,
IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment is DENIED and that the Defendant's Motion for Summary Judgment is GRANTED.
IT IS FINALLY ORDERED that the Plaintiff's Motion for a Temporary Restraining Order (#2) is DENIED.